SCHLUPE, Appellant,

v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES et al., Appellees.

[Cite as *Schlupe v. Ohio Dept. of Adm. Serv.* (1992), 78 Ohio App.3d 626.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1035.

Decided March 10, 1992.

*John L. Wolfe*, for appellant.

*Lee Fisher*, Attorney General, and *Stephanie Pestello–Sharf*, Assistant Attorney General, for appellees.

---

STRAUSBAUGH, Judge.

This is an appeal from a judgment of the Court of Claims holding that plaintiff, Emery L. Schlupe, a former employee of the Ohio Department of Transportation, was not entitled to an award for a suggestion that he had submitted under the state's suggestion awards system. The record indicates that, effective December 3, 1971, the Ohio General Assembly established an employee awards system, codified in R.C. 124.17 as follows:

"The director of administrative services may institute an employee awards system designed to encourage all state employees to submit suggestions that will reduce the costs, or improve the quality, of state services. The rule shall provide reasonable standards for determining the amount, not to exceed five thousand dollars, of any award that may be given for a suggestion. The department of administrative services shall review each suggestion and determine the amount of award, if any, to be given."

The rules contained in Ohio Adm.Code 123:1–27–01(C) set forth standards for employee eligibility and participation. The standards for evaluating employees' suggestions are contained in Ohio Adm.Code 123:1–27–02. Further, Ohio Adm.Code 123:1–27–03(B)(4) provides:

"An employee who submits a suggestion, but terminates state employment before evaluation of the suggestion has been completed, will retain his or her entitlement to an award if the suggestion is implemented within a two-year period. In the case of the death of any employee the award will be paid to the employee's estate."

Effective July 14, 1989, the State Employee Compensation Board was abolished and its powers and duties were transferred to the department of administrative services. R.C. 124.17 provided that the duties of the board would be performed by the director of administrative services who, on July 14, 1989, was defendant William J. Flaherty.

The record indicates that, on July 6, 1987, plaintiff submitted a suggestion to the suggestion awards committee to build overhead salt-hopper racks out of light poles and scrap steel to store salt-hoppers efficiently and safely during

the summer months when not in use. Mary Upton, Administrator of the State Employee Awards System in the Ohio Department of Administrative Services, processed this suggestion, which was subsequently implemented and reviewed. It was a suggestion which was implemented and used by the state of Ohio at a savings to the state of over $90,000. Upton recommended an award of $5,000, which was approved by the State Employees Compensation Board on June 19, 1989. Plaintiff was told by telephone that the award had been approved and that the Governor would present him with a $5,000 check at a public ceremony to be held July 26, 1989. A check for $5,000 was written payable to plaintiff.

The record further reveals that, on June 1, 1989, plaintiff had been investigated concerning allegations that he had instructed his subordinates to work on his home on state time using state equipment. On June 2, 1989, the director of the Ohio Department of Transportation was notified of this allegation. The Deputy Director of the Ohio Department of Transportation, Morris Tipton, telephoned the director of administrative services, defendant Flaherty, informing him of the pending investigation regarding plaintiff. On July 14, 1989, the same day that the powers of the State Employee Compensation Board were transferred to the director of administrative services, defendant Flaherty wrote to plaintiff telling him that the award scheduled to be presented on July 26, 1989 would not be presented. On August 23, 1989, defendant Flaherty's office was informed by Tipton that plaintiff had been removed from his position effective August 11, 1989. On August 29, 1989, defendant Flaherty rescinded the $5,000 award and informed plaintiff by letter that he would not receive the award. Thereafter, plaintiff filed the instant action in the Court of Claims against the defendants, the Ohio Department of Administrative Services and its Director, Flaherty.

Upon trial, the trial court held that (1) plaintiff had no right to the award until it was actually presented to him, (2) the award was not based on contract, but was strictly discretionary, (3) Director Flaherty had the inherent power to rescind the award, (4) the director did not abuse his administrative discretion, (5) plaintiff's procedural due process rights were satisfied, and (6) Director Flaherty did not act outside the scope of his employment with malicious purpose, in bad faith, or in a wanton or reckless manner. It is from this judgment that this appeal is taken.

Plaintiff sets forth the following four assignments of error:

"1. The Court of Claims erred in holding that the plaintiff-appellant's $5,000.00 award approved by the State Employee Compensation Board was not based upon contract.

"2. The Court of Claims erred in holding that the state was not bound to pay Schlupe his award on a quasi-contract theory.

"3. The Court of Claims erred in failing to hold that plaintiff had a property right in the $5,000.00 award which became vested on June 19, 1989.

"4. The Court of Claims erred in holding pursuant to section 2743.02(F), Ohio Revised Code, that William J. Flaherty was entitled to personal immunity and that the courts of common pleas would have no jurisdiction."

 We find plaintiff's first assignment of error to be well taken and it is, therefore, sustained. A contract is an agreement upon sufficient consideration between two or more persons to do or not to do a particular thing, or, as defined in 1 Restatement of Law 2d, Contracts (1981) 5, Meaning of Terms, Section 1:

"A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty."

We find that the communication to plaintiff of the determination that plaintiff was eligible for an award, that a check had been made out to plaintiff in the approved amount, and that the date for the presentation of the award had been set, created a contract. Plaintiff's alleged act of ordering his subordinates to work on his home on state time using state equipment had no adverse bearing on the eligibility criteria or the determination of the award and, consequently, did not result in a breach of the contract. We find that defendant Ohio Department of Administrative Services is obligated to pay such award. Plaintiff's first assignment of error is sustained.

 In consideration of plaintiff's second assignment of error, we find that the trial court did not err in holding that the state was not bound to pay plaintiff his award on a quasi-contract theory. We find that there is no element of unjust enrichment of the state of Ohio by retaining benefits acquired which law and equity give absolutely without any obligation to make restitution. Ohio Adm.Code 123:1–27–03(B)(6) specifically provides that "[a]ll suggestions become the property of the state of Ohio when submitted, and their use by the state shall not form a basis for a claim against the state of Ohio." Plaintiff's second assignment of error is overruled.

 With respect to plaintiff's fourth assignment of error, we find that the trial court did not err in holding that, pursuant to R.C. 2743.02(F), William J. Flaherty was entitled to personal immunity and that the court of common pleas would have no jurisdiction. R.C. 9.86 provides that no state officer or employee is liable in any civil action arising out of the performance of his duties unless the officer's actions were manifestly outside the scope of his

employment or official responsibility. We find that, under R.C. 2743.02(F), defendant Flaherty was entitled to personal immunity and that the common pleas court would have no jurisdiction in a simple action against said defendant. Plaintiff's fourth assignment of error is overruled.

■ With respect to plaintiff's third assignment of error, we find that, for the same reasons set forth in our findings for the first assignment of error, plaintiff had acquired a property right in the $5,000 award which had become vested subject to being divested. An intervening act which had an adverse bearing on the eligibility criteria or the determination of the amount of the award in this case would have divested plaintiff's property right. Inasmuch as there was no intervening act having said adverse bearing, we find that a property right did exist and, therefore, sustain plaintiff's third assignment of error.

Based on the foregoing, we sustain plaintiff's first and third assignments of error, and overrule plaintiff's second and fourth assignments of error. The judgment of the Court of Claims is reversed, and the cause is remanded for further proceedings in accordance this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and TYACK, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.